### The People of the State of Illinois, Defendant in Error, v. F. C. Cunningham, Plaintiff in Error.

VERDICTS—*when not disturbed in criminal case.* It is only where the Appellate Court can say from the whole evidence that there is a reasonable and well-founded doubt of the guilt of the accused that it will reverse a judgment of conviction in a criminal case on the ground that the verdict is not supported by the evidence.

Error to the County Court of Effingham county; the Hon. MICHAEL O'DONNELL, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

G. F. TAYLOR and ZIMMERMAN & RINEHART, for plaintiff in error.

R. C. HARRAH, for defendant in error.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This was a prosecution by information filed by the state's attorney of Effingham county, charging plaint-

iff in error in the first count with an assault upon one Susan Pearl Hardsock, and in the second count with an assault and battery.

There was a plea of not guilty, a trial by jury and a verdict finding plaintiff in error guilty of assault and battery upon which the court rendered a judgment.

Plaintiff in error was engaged in the practice of his profession as a dentist. The prosecuting witness testified she went to his office about three o'clock in the afternoon of the 6th day of May to have a tooth treated; that she had been there four or five times before on the same errand and had her tooth treated. She further testified in detail to acts of plaintiff in error after she was seated in the chair, which amounted to a lewd and indecent assault upon her person, and that she left the office and went to a millinery store near by where she adjusted her waist which had been disarranged by plaintiff in error.

Plaintiff in error testified and made a sweeping denial of all her statements of improper conduct and stated that he did no more than was necessary to be done in order to properly work upon her tooth and that there was no impropriety in anything he said or did.

The testimony showed the location of the office to be on the second floor to which a stairway leads from the street. Across the hall from the office is another office occupied by another dentist. The doors of both offices were standing open. When the prosecuting witness went into the office of plaintiff in error, he was at work upon the teeth of Mrs. Anderson. When he was through with Mrs. Anderson, she left the chair and it was at once taken by the prosecuting witness. Mrs. Anderson testified she went across the hall into the office of the other dentist where she remained but a few seconds; that she went down stairs lingered at the bottom a moment; went into the millinery store which was just around the corner; that just as she reached

there the prosecuting witness came in smiling and that the witness saw nothing out of the ordinary about her. The witness says that from the time she went down stairs until the prosecuting witness came into the store was about five minutes. Dr. Burkhardt was the dentist occupying the office across the hall; he was in his office at the time and both he and Mrs. Anderson testify they heard no disturbance or anything unusual from the office of plaintiff in error and Dr. Burkhardt states that when the doors were open he could hear ordinary conversations between the two offices.

The prosecuting witness and her husband both testify she related the alleged assault to the latter the same afternoon when her husband reached home; and they at once went to the dental office; that before reaching there they met plaintiff in error on the street and when the prosecuting witness told him, she had told her husband, he said he was sorry and that he didn't know he had insulted her, and when asked by the husband why he had insulted her, he said he "didn't know as he did." Plaintiff in error denies these statements and says that he denied insulting her and that when the husband urged him to admit it, he said he had nothing to admit.

In this statement of the material testimony of the witnesses, it will be seen the evidence was in hopeless conflict and the question of guilt a close one. In this view of it we have closely scrutinized the rulings of the trial court to find prejudicial error. We are unable to find it. The rulings and instructions are free from error. We have also scrutinized the evidence for a motive falsely to charge the plaintiff in error but find none proven.

It is the province of the jury to pass upon the credibility of witnesses and the weight of the evidence. The jury saw these witnesses on the stand and their demeanor and heard them testify and it is only when we can say there is from the whole testimony a reason-

able and well founded doubt of the guilt of the accused that we can reverse the judgment on the ground the verdict is not supported by the evidence. We are unable to reach this conclusion in this case. The judgment will be affirmed.

*Affirmed.*